RUSHTON PEABODY, Appellant, *v.* DOUGLASS R. SATTERLEE and ELIZABETH K. SATTERLEE, Composing the Firm of D. R. SATTERLEE & Co., as Attorneys in Fact for the Underwriters at THE LLOYDS OF NEW YORK CITY, Respondents.

*New York standard fire insurance policy — sufficiency of proofs of loss, when mailed by the insured on the last day of the period prescribed therein.*

In an action brought to recover upon a New York standard policy of fire insurance, which provided that proofs of loss should be served within sixty days after the loss, it appeared that proofs of loss served thirty days after the loss had occurred were returned upon the ground that they were verified by the agent of the insured instead of by the insured himself; that new proofs of loss were thereafter made out and were properly verified by the insured, which, it was claimed on the part of the plaintiff, were mailed to the attorneys of the under-

writers on the sixtieth day after the loss, although they were not received by tne latter until the next day.

*Held,* that, under the circumstances of the particular case, it would be a harsh rule to insist that the papers must be actually within the possession of the defendants within the sixty days, and that the question of the mailing of the proofs on the sixtieth day was one for the jury to determine, and that a dismissal of the complaint by the trial court was erroneous.

GOODRICH, P. J., dissented.

*Quære,* whether a person insured under such a policy, who mails proper proofs of loss within the time given him by its terms, forfeits his right to maintain an action upon the policy because the insurance company fails to receive such proofs of loss until after the expiration of such time.

APPEAL by the plaintiff, Rushton Peabody, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 26th day of April, 1898, upon a dismissal of the complaint by direction of the court after a trial at the Queens County Trial Term.

*Mortimer M. Menken,* for the appellant.

*George M. Mackellar* [*Clarence Lexow* with him on the brief], for the respondents.

WOODWARD, J.:

This action was brought to recover the amount of a certain insurance policy written by the defendants as attorneys and managers for the Lloyds of New York city; and the only question before this court is whether the evidence of the plaintiff established compliance with the provisions of the policy under which he claims. The policy is what is known as a standard policy, and it is provided that "if fire occur, the insured shall give immediate notice of any loss thereby in writing to the attorneys of the underwriters    *    *    * and within sixty days after the fire, unless such time is extended in writing by the attorneys of the underwriters, shall render a statement to the attorneys of the underwriters signed and sworn to by said insured," etc.

There was evidence to show that the attorneys of the underwriters were duly notified of the fire, and that about thirty days after the fire proofs of loss were made out, signed and verified by an agent of the insured, William Hamlin, who afterwards assigned his claim to the plaintiff in this action. Some five or six days later

these proofs of loss were returned to Mr. Hamlin, whose attention was called to the fact that it was necessary for him, rather than his agent, to make the proofs of loss. It was further shown by evidence that the agent made out new proofs of loss, and that Mr. Hamlin verified them; and it is claimed on the part of the plaintiff that these later proofs of loss were mailed to the address of the attorneys of the underwriters upon the sixtieth day after the fire, and that the said attorneys received such proofs upon the sixty-first day after the fire.

While there are numerous cases reported in which it is held that it is necessary to comply with the provisions of the clause requiring that proofs of loss shall be rendered to the attorneys of the underwriters within sixty days of a fire, as a condition precedent to the right of recovery, we are unwilling to say, as a matter of law, that where the plaintiff has complied with all the requirements of the policy within the time given him by its terms to act, and has deposited the proofs in the mails, he has forfeited his right to maintain an action for the recovery of the insurance for which he has paid the premiums. In the case at bar the plaintiff had supplied the proofs of loss about one month after the fire, which, except for the formality of verification by the insured instead of his agent, we may assume correctly stated the facts. The defendants thus had all of the advantages which could come to them from the possession of the proofs of loss; and when the insured had made out a duplicate of these papers and placed them in the United States mails within the time mentioned in the policy, it would be a harsh rule to insist that the papers must be actually within the possession of the defendants within the sixty days.

While the evidence on the question of mailing the papers to the defendant was not as clear as might have been desired, we believe that it was proper to submit the question to the jury. There were facts and circumstances from which the inference might properly be drawn that the proofs were properly mailed on the sixtieth day after the fire, and it was for the jury to say whether the plaintiff had established the fact. It was in evidence that Mr. Hawley, acting for the insured, made out the proofs of loss; that the insured signed and swore to the statement, and that Mr. Hawley handed this paper with a letter to the defendants to his mailing clerk to be

mailed.    The clerk testifies that he received a letter from Mr. Haw-
ley, and that there was a paper with the letter; that he made a copy
of the letter and inclosed it with a "paper" to the address of the
defendants, and that he mailed the same, and the registered letter
receipt, or a copy of it, is in evidence.

We are of opinion that the plaintiff had a right to go to the jury
on this question; that it was for them to say whether this paper was
the one which was signed and sworn to by the insured, and that it
was error for the trial court to grant the motion of the defendant
dismissing the complaint.

The judgment should be reversed and a new trial granted, costs
to abide the event.

All concurred, except GOODRICH, P. J., dissenting.

Judgment reversed and new trial granted, costs to abide the event.